IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SUM,

    Petitioner,                  2: 09 - cv - 2811 - WBS TJB

  vs.

KEN CLARK, Warden

    Respondent.              ORDER

_____/

     Petitioner is proceeding *pro se* with a federal habeas petition pursuant to 28 U.S.C. § 2254. On November 22, 2010, Petitioner was ordered to inform the court whether he was going to file a Rhines v. Weber, 544 U.S. 269 (2005) motion to stay and abey this federal habeas proceeding. Alternatively, Petitioner was given the option of informing the court that he wished to proceed on the instant petition and that the unexhausted double jeopardy claim would be deemed stricken. To date, Petitioner has made no filing with respect to the November 22, 2010 order.

     While there currently exists no absolute right to the appointment of counsel in habeas proceedings, see Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996), 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case whenever the court determines that the interests of justice so require for any person financially eligible. See Rule 8(c), Fed. R.

1

Governing § 2254 Cases. While Petitioner has not requested representation by counsel, it is determined that the interests of justice require the appointment of counsel in this case. Counsel is appointed for the limited purpose of assisting Petitioner decide whether to file a motion to stay and abey this federal habeas proceeding or move forward with the instant federal habeas petition on his exhausted claims (aside from the double jeopardy claim in Claim II, Respondent admits that Petitioner's remaining claims are exhausted (see Resp't's Answer at p. 7)). Once Petitioner's appointed counsel has either filed a motion to stay and abey or informed the court that Petitioner wishes to proceed only on his exhausted claims, appointed counsel's duties with respect to this order are complete. Petitioner's appointed counsel shall have thirty (30) days from the date of this order in which to file a motion to stay and abey the federal habeas proceedings or to inform the court that Petitioner wishes to move forward only on his exhausted claims in his federal habeas petition.

Although Petitioner has now been appointed counsel, he must file an *in forma pauperis* application to demonstrate that he is indigent so that the expenditure of public funds for counsel is warranted. The court therefore will order him to file an application and will reconsider the appointment of counsel if it turns out that he is not indigent. (There is not an *in forma pauperis* application on file and the $5.00 filing fee was paid).

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner for the limited purpose as described in order.

2. The Clerk of the Court is directed to serve a copy of the federal habeas petition (Dkt. No. 1), the answer (Dkt. No. 17), the November 22, 2010 order (Dkt. No. 23) and this order on David Porter, Assistant Federal Defender.

3. Petitioner's appointed counsel shall contact the Clerk's Office to make arrangements for copies of other documents in the file if deemed

necessary.

4. Petitioner's appointed counsel has thirty (30) days from the date of this order in which to either: (1) file a motion to stay and abey the federal habeas proceedings pursuant to <u>Rhines</u> 544 U.S. 269; or (2) inform the court that Petitioner seeks to move forward only on his exhausted claims in the federal habeas petition.

5. Should Petitioner elect to file a motion to stay and abey the federal habeas proceedings, Respondent may file a response to the stay and abey motion within twenty (20) days after the motion is filed.

6. The Clerk is directed to include a copy of the *in forma pauperis* application to Petitioner along with this order.

7. Petitioner has twenty-one (21) days from the date of this Order to file his *in forma pauperis* application.

DATED: February 10, 2011

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE